08-3836-ag
Zen v. Holder

BIA
Morace, IJ
A094-789-123

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > **Chief Judge**,
> PIERRE N. LEVAL,
> PETER W. HALL,
> > **Circuit Judges**.

_____

FEI LONG ZEN, ALSO KNOWN AS FEI LONG ZENG,
> **Petitioner**,

v.                                          08-3836-ag
                                            NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,*
> **Respondent**.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Liu Yu, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation; Daniel I. Smulow, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Long Zen, a native and citizen of the People's Republic of China, seeks review of a July 14, 2008 order of the BIA affirming the February 13, 2007 decision of Immigration Judge ("IJ") Philip Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  In re Fei Long Zen, No. A094-789-123 (B.I.A. July 14, 2008), aff'g No. A094-789-123 (Immig. Ct. N.Y. City Feb. 13, 2007).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); see also Corovic v.

Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. See Corovic, 519 F.3d at 95. In finding Zen not credible, the IJ relied upon Zen's: (1) inconsistent testimony concerning when and in what country he began practicing Falun Gong; (2) inconsistent testimony concerning whether he or the police had paid for his hospitalization following an alleged police beating; (3)

3

inconsistent testimony regarding whether he was discharged from the hospital or left without permission; and (4) implausible testimony that he left the hospital without permission, did not go into hiding, and was not arrested by the police when they visited him at his home. Zen does not challenge the IJ's reliance on the inconsistency regarding whether he left the hospital with permission. That inconsistency stands as a valid basis for the IJ's adverse credibility determination. Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008). Although Zen argues that he explained some of the remaining discrepancies, a reasonable factfinder would not have been compelled to credit his explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005).

Zen asserts that he was not given the opportunity to explain testimony that the IJ found implausible. However, because he did not raise that argument before the BIA, we decline to consider it. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007).

Since the IJ reasonably found Zen's testimony not credible, it was not improper for the IJ to find that he failed to rehabilitate his testimony with corroborating

4

evidence.  See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007); see also Maladho Djehe Diallo, 445 F.3d 624, 633-34 (2d Cir. 2006).

The adverse credibility finding supports the IJ's denial of the applications for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk